## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE LUIS URENA BERDEJO** | : |
| | : |
| **Plaintiff** | : |
| **v.** | :   **3:09-cv-0509** |
| | :   **(JUDGE MARIANI)** |
| **IDEAL SYSTEMS, INC., et al.** | : |
| | : |
| **Defendants** | : |

## MEMORANDUM OPINION

The present motions in limine arise upon several disputes raised by both parties concerning evidence to be considered at trial.   For the reasons set forth below, the motions will be granted in part and denied in part.

## DISCUSSION

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible." FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger

of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

## I.    **Plaintiffs' Motions In Limine**

### A. Motion In Limine to Exclude Evidence of Plaintiff's Immigration Status (Doc. 102)

Plaintiff was injured while engaged in a roofing project in Stroudsburg, Pennsylvania. Plaintiff is an illegal alien, and a resident of Mexico. He argues that evidence concerning his legal status in the United States is irrelevant to the claims set forth in the present suit and that such information should be excluded from trial as prejudicial. The Court agrees.

Pursuant to this Court's August 22, 2011 Memorandum (Doc. 99), Plaintiff is not prohibited from pursuing certain claims for economic damages by virtue of his status as an illegal alien in the United States. See Memorandum Opinion of Judge James M. Munley, August 22, 2011, ECF Dkt. 99. Accordingly, evidence of Plaintiff's status is irrelevant to any argument that Defendants may advance. Plaintiff's Motion In Limine to Exclude Evidence of Plaintiff's Immigration Status will be granted.

### B. Plaintiff's Motion In Limine to Exclude Evidence of the Workers' Compensation Decision of June 30, 2010 (Doc. 103)

In addition to the present action, Plaintiff filed a separate claim seeking to recover workers' compensation benefits from Exclusive Custom Builders, Inc., in relation to the injuries he suffered. On June 30, 2010, the workers' compensation judge denied Plaintiff's claim for benefits citing Plaintiff's inability to demonstrate that he was employed by Exclusive Custom Builders, Inc. on the date of his injury. Further, Exclusive Custom

Builders, Inc. is not a named defendant in the matter *sub judice*, and this Court's

Memorandum of August 22, 2011 stated that "the workers' compensation judge's findings

as to Exclusive Custom Builders, Inc. is not relevant to this case" as "[t]he record in this

case does not mention any corporation named Exclusive Custom Builders, Inc." *See*

Memorandum Opinion of Judge James M. Munley, August 22, 2011, at 16, ECF Dkt. 99.

Plaintiff's Complaint (Doc. 1) includes an allegation that "Defendants failed to provide

Plaintiff with any type of workers' compensation insurance." *See* Pl.'s Compl. at ¶ 13, ECF

Dkt. 1. However, it is not clear that this evidence is relevant to the claims at bar.

Accordingly, Plaintiff's motion in limine will be conditionally granted, so that Plaintiff

may rebut any claim or defense by Defendants that his claims are barred by provisions of

the Workers' Compensation Act, or that his claims have been resolved through a

proceeding under the Workers' Compensation Act.

## II.     Defendants' Motions in Limine

### A. Defendant Exclusive Home Builders, Inc.'s Motion In Limine To Preclude Plaintiff's Earnings Loss Claims (Doc. 104)

Defendant Exclusive Home Builders, Inc. ("Exclusive") asserts that Plaintiff's status

as an illegal alien belies his ability to succeed on any claim for loss of earnings. "Plaintiff

cannot sustain any claim for loss of earnings, because it is illegal for any employer to hire

an illegal or unauthorized alien." (*See* Def. Exclusive Home Builders, Inc.'s Mot. In Limine

at ¶ 10, ECF Dkt. 104.) Exclusive further posits that "[a]s a matter of law, Plaintiff cannot

sustain any claim for loss of past earnings or loss of future earnings." (*See id.* at ¶ 10.)

Pursuant to Judge Munley's Memorandum and Order of August 22, 2011, Plaintiff

will be permitted to assert claims for past earnings. (*See* Memorandum Opinion of Judge

James M. Munley, August 22, 2011, at 14, ECF Dkt. 99 ("we predict that the Pennsylvania

Supreme Court would not preclude Berdejo's claims for lost earnings as a matter of law").)

Accordingly, Exclusive's motion in limine to preclude Plaintiff from asserting an earnings

loss claim will be denied.

B. Defendant Exclusive Builders Inc.'s Motion In Limine To Preclude Any Evidence With Regard To The Alleged Failure of the Defendant To Provide Workers' Compensation Insurance or to Require and/or Confirm That The Plaintiff's Alleged Employer Carried Workers' Compensation Insurance (Doc. 108)

Defendant Exclusive seeks an order precluding the introduction of evidence

regarding its alleged failure to provide workers' compensation insurance or to require and/or

confirm that the Plaintiff's alleged employer carried workers' compensation insurance.

This matter was already addressed tangentially by the Court's August 22, 2011

Memorandum, where Judge Munley found that Exclusive Custom Builders, Inc. was not

mentioned in the June 30, 2010 workers compensation decision. However, the Court

specifically deferred a decision as to the admissibility of evidence concerning the existence

of a workers' compensation policy until a later date. The matter is now ripe.

Although FED. R. EVID. 411 does not permit the admission of evidence concerning

insurance where such evidence is offered "upon the issue of whether the person acted

negligently or otherwise wrongfully," the rule is narrowly focused by its own text. FED. R.

EVID. 411 specifically "does not require the exclusion of evidence of insurance against

4

liability when offered for another purpose. . . ." Plaintiff provides three separate reasons for the inclusion of such evidence at trial: (1) to rebut evidence in Defendants' Answer to Plaintiff's Amended Complaint and Affirmative Defenses concerning whether Plaintiff's claims are time barred or limited by the Pennsylvania Worker's Compensation Act; (2) to "abolish the common law defenses of contributory negligence, assumption of the risk and the fellow service doctrine in accordance" with Pennsylvania law; and (3) to establish the existence of approximately $80,000 in medical bills attributed to Plaintiff's injury and to which Defendants will not stipulate with regard to the amount.

None of these reasons involves whether the Defendants acted negligently or wrongfully, and each falls under the "other purpose" exception. Accordingly, Defendant's motion in limine will be granted, but Defendants can raise an appropriate objection at trial if the evidence submitted is used to demonstrate negligence or fault. In addition, Plaintiff may introduce evidence concerning workers' compensation insurance only to rebut a claim or defense by Defendants that his claim is barred by provisions of the Workers' Compensation Act, or that his claim has been resolved through a proceeding under the Workers' Compensation Act.

## C. Defendant Exclusive Builders, Inc.'s Motion In Limine to Preclude or Limit the Testimony of Vincent A. Gallagher, Plaintiff's Liability Expert (Doc. 112)

Defendant Exclusive argues that the testimony of Plaintiff's liability expert, Vincent A. Gallagher ("Gallagher"), should be excluded or limited because it is misleading and prejudicial, and because the "proposed testimony of other accidents . . . do not involve

5

accidents under the same or similar circumstances." (*See* Def. Executive's Mot. In Limine at 2, ECF Dkt. 112.) The Gallagher report primarily discusses the magnitude and severity of falls in the construction industry. The Gallagher's report further reports statistics for the years 1916, 1985, 1989, and 2004, and other studies which predate the 2008 accident at issue in this case. The Gallagher report uses studies or publications from 1994, 1995, 1998, 2002, 2003, and 2004. Another section of the Gallagher report concerns workplace injuries to Hispanics in the United States. Exclusive argues that this report concerns material that is irrelevant, misleading, and prejudicial. The Court disagrees.

The information contained in the Gallagher report is relevant with regard to whether Defendants acted in a negligent manner and took precautions to guard against the possible injury of those who worked on Defendants' construction sites. Pursuant to FED. R. EVID. 403, an expert witness is permitted to rely on fact or data "of a type reasonably relied upon by experts in the particular field in forming opinion or inference upon the subject." Such facts or data "need not be admissible in evidence in order for the opinion or inference to be admitted." *Id.*

Gallagher's report refers to statistics concerning safety hazards in the construction industry from both OSHA and the Bureau of Labor Statistics. Gallagher uses this information to opine on acceptable safety standards in the construction industry, and how he believes such standards were disregarded by Defendants. Statistics concerning injuries to Hispanic workers is relevant because it is used by Plaintiff to argue that Defendants

should have been aware of certain occupational hazards facing those similarly situated as Plaintiff. Any testimony offered by Gallagher will be subject to cross-examination, and Defendants are free to raise all appropriate objections as to relevance, or any other ground, during trial. Accordingly, Defendant Exclusive's motion in limine will be denied.

## CONCLUSION

For the reasons set forth in this memorandum, the motions in limine of Plaintiffs and Defendants will be granted in part and denied in part. A separate Order follows.

DATE: August 8, 2012

Robert D. Mariani
United States District Judge

7